**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**A PERFECT INTERVAL, LLC,**

    **Plaintiff,**

**v.**                                                               **No. 20-cv-0949 JAP/SMV**

**SENTINEL INSURANCE COMPANY, LTD,**

    **Defendant.**

## ORDER DIRECTING PLAINTIFF TO FILE NOTICE OF CITIZENSHIP

THIS MATTER is before the Court on review of the entire record. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal [Doc. 1], the Complaint [Doc. 1-1] at 1–12, the Answer [Doc. 6], other documents in the record, the applicable law, and being otherwise fully advised in the premises, concludes that more facts are needed to determine the citizenship of Plaintiff LLC to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to file a Notice, stating the citizenship of each and every one of its members no later than October 30, 2020.

## BACKGROUND

On September 17, 2020, Defendant removed this case to federal court, asserting complete diversity between the parties and that the amount in controversy exceeds $75,000. [Doc. 1] at 2. In support of its claim of diversity of citizenship, Defendant alleges that it is a "non-resident insurance company and a Connecticut corporation, with its principal place of business in Hartford, Connecticut." [Doc. 1] at 2. Defendant alleges that Plaintiff is a "New Mexico business with its

principal place of business in Bernalillo County, New Mexico." *Id.* However, Defendant makes no allegation about the citizenship of Plaintiff's members. *See id.*

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Here, the facts set forth in the Notice of Removal [Doc. 1] and the pleadings, [Doc. 1-1] at 1–12 and [Doc. 6], do not sufficiently establish the citizenship of Plaintiff A Perfect Interval, LLC, because they fail to allege the citizenship of each of its members.  Because the missing information is in Plaintiff's possession, in the interests of judicial economy, the Court will order Plaintiff to supply it.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that no later than **October 30, 2020**, Plaintiff file a Notice stating the citizenship of each and every one of its members, so that this Court can determine whether subject-matter jurisdiction exists based on diversity of citizenship.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**