**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

A PERFECT INTERVAL, LLC,

    Plaintiff,

v.                                            No. 20-cv-0949 JAP/SMV

SENTINEL INSURANCE COMPANY, LTD,

    Defendant.

## SCHEDULING ORDER

THIS MATTER is before the Court on a telephonic Rule 16 scheduling conference held on December 15, 2020. The parties' Joint Status Report and Provisional Discovery Plan [Doc. 16] is adopted, except as modified below. The parties have the following deadlines to join and amend:

| | |
|---|---|
| Plaintiff moves to amend the pleadings or join additional parties by[2]: | **January 26, 2021** |
| Defendant moves to amend the pleadings or join additional parties by[1]: | **February 9, 2021** |

Discovery will proceed in two phases. Discovery related to Plaintiff's contractual claims will proceed first, followed by a second phase for discovery related to the extracontractual claims. In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a **"standard" (150-day)** track classification. The following deadlines apply only to contractual discovery:

---

[1] Amendment must comply with Fed. R. Civ. P. 15(a).

| | |
|---|---|
| Plaintiff discloses experts and provides expert reports or summary disclosures by[2]: | **March 15, 2021** |
| Defendant discloses experts and provides expert reports or summary disclosures by: | **April 14, 2021** |
| Termination of contractual discovery: | **May 14, 2021** |
| Motions relating to contractual discovery filed by[3]: | **June 3, 2021** |
| Dispositive motions related to contractual claims: | **June 14, 2021** |

The Court will set the following limitations on contractual discovery:

1. 25 Interrogatories by each party to any other party;

2. 25 Requests for Production by each party to any other party;

3. No limit on the number of Requests for Admission served by each party at this time;[4]

4. 10 depositions per side;

5. Depositions limited to 4 hours of questioning on the record unless extended by agreement of the parties, except depositions of parties, which are limited to 7 hours of questioning on the record unless extended by agreement of the parties.

Discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. Contractual discovery must be completed on or before the contractual-discovery deadline. Accordingly, service of written discovery is

---

[2] The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b). *See Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007).

[3] *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. The discovery motions deadline does not extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).

[4] Requests for Admission are subject to the deadline for termination of discovery.

timely only if the responses are due prior to the contractual-discovery deadline. A notice to take deposition is timely only if the deposition takes place prior to the contractual-discovery deadline. The pendency of dispositive motions does not stay discovery.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**